UNITED STATES DISTRICT COURT

DISTRICT OF RHODE ISLAND

VIRGINIA SILVA

VS.                                                                                                           CA NO:  17-

GLAXO SMITH KLINE, LLC Alias In Its Capacity as Plan Administrator of the
GROUP LONG-TERM DISABILITY PLAN for Employees of GLAXO SMITH KLINE,LLC, Alias,  and  LIBERTY LIFE ASSURANCE COMPANY OF BOSTON, Alias

## COMPLAINT FOR RECOVERY OF PLAN BENEFITS AND FOR THE ENFORCEMENT OF RIGHTS UNDER ERISA

NOW COMES  the Plaintiff, Virginia Silva, by her attorney, Mark B. Morse,  and sets forth the following:

### JURISDICTION AND VENUE

Plaintiff brings this action to recovery damages and for equitable relief under the provisions of the Employee Retirement Income Security Act (ERISA), 29 U.S.C. §1001 et seq., and particularly Section 510 (20 U.S.C. §1140), 20 U.S.§ 1104 *et seq*., and all other applicable provisions of the Act to redress the termination of her Long-Term Disability Benefits, which was done pre textually and with the purpose of interfering with a right to which she was entitled under an employee benefit plan.   All acts alleged have occurred within the State of Rhode Island and within this judicial district.

### THE PARTIES

1. Plaintiff is a citizen of the United States of America and resides at 20 Errant Way West Greenwich, RI 02817.   At all times material hereto, Plaintiff has been an employee of Defendant Glaxo Smith Kline, LLC  (hereinafter the Employer)  with corporate headquarters at 5 Crescent Drive, Philadelphia, PA since on or about February 1, 1990 as a pharmaceutical sales representative.

2. The Employer, is a limited liability company authorized to do business in the  State of Rhode Island and distributes pharmaceutical products at various locations throughout the State of Rhode Island and the United States.

3. The Employer is an employer within the meaning of ERISA.

4. The Employer maintains an employee benefit plan known as the Group Long-Term Disability Plan for Employees of Glaxo Smith Kline LLC" (herein the Plan) and is the plan sponsor of the Plan within the meaning of ERISA.

5. Defendant Glaxo Smith Kline, LLC (herein Plan Administrator) , is the Plan Administrator of the Plan within the meaning of ERISA.

6. Defendant Liberty Assurance Company of Boston (hereinafter Liberty) is a corporation engaged in the business of insurance with a principal place of business in Boston, MA, and which is authorized to do business in the State of Rhode Island.

FACTUAL ALLEGATIONS

7. At all times material hereto, and since at least 1990, the Employer and the Plan Administrator caused Liberty to have issued to the Employer a policy of group disability insurance for certain of the Employer's employees, including Plaintiff.

8. Pursuant to the terms and conditions of the aforesaid policy, Plaintiff was an insured under said policy.

9. The Plan Administrator administers the Plan through the aforesaid policy purchased from Liberty.

10. By virtue of the relationship with the Employer, the Plan Administrator and Liberty jointly administer the Plan.

11. The Plan is an employee benefit plan within the meaning of ERISA, and 29 U.S.C. '1002(4), 29 U.S.C. § 1104 et seq., and 29 U.S.C. § 1140.

13. On or about August 9, 2015 Plaintiff sustained substantial injuries.

14. Since on or about August 9, 2015, Plaintiff has been diagnosed with various debilitating injuries and illnesses, including, back pain/ cervical degenerative disc disease, and scoliosis.

15. As a result of her injuries and illnesses, since on or about August 9, 2015 Plaintiff has been, and continues to be, disabled within the meaning of the Plan.

16. Commencing on or about November 7, 2015 following the applicable elimination period, the Plan Administrator, through Liberty, provided Plaintiff with Long-Term Disability Benefits.

17. On or about September 27, 2016 the Plan Administrator, and Liberty discontinued Plaintiff's disability benefits even though she remained disabled within the meaning of the Plan.

18. Plaintiff filed a timely appeal of the termination of her benefits in accordance with the Plan requirements.

19. On or about January 16, 2017, the Plan Administrator and Liberty denied Plaintiff's appeal.

20. There was, and is, no legal or factual basis for denial of the claims presented by Plaintiff.

21. Plaintiff has complied with all requirements of the administrative claims procedures as set forth in the Plan.

22. Plaintiff met all of the conditions and qualifications for payment of Long-Term Disability Benefits and is entitled to receive and Defendants are obligated to pay same.

23. Defendants have failed to keep their agreements and promises by refusing to pay beyond September 27, 2016, Long-Term Disability Benefits under the group disability policy and the Plan, and in so doing have breached same.

24. Plaintiff is totally disabled as defined under the terms of the Plan, and is entitled to Long Term Disability Benefits pursuant to the Plan.

## COUNT I
### (ERISA VIOLATION, 29 U.S.C.§1001 ET SEQ.)

25. Plaintiff incorporates by reference the allegations set forth above in Paragraphs 1 through 24 inclusive, as if more fully set forth herein.

26. The Plan Administrator and Liberty are fiduciaries under ERISA and otherwise owe the obligation to completely, fairly and accurately evaluate and process all claims and pay those claims in a non arbitrary and capricious manner.

27. Since on or about September 27, 2016, Plaintiff has been entitled to Long-Term Disability Benefits under the terms of the Plan.

28. The Plan Administrator and Liberty terminated Plaintiff's benefits and have refused to pay Plaintiff's benefits in violation of the written provisions of the Plan.

29. The denial of Plaintiff's disability benefits by the the Plan Administrator and

Liberty constitute a purposeful and arbitrary and capricious interference with Plaintiff's right to benefits under the employee benefit plan.

30. Liberty has acted under an inherent conflict of interest in both funding and administering benefits under the Plan.

31. By virtue of the actions of the Plan Administrator and Liberty, the defendants have breached their fiduciary obligations.

WHEREFORE, Plaintiff requests that this Court exercise jurisdiction over her claims and award:

(A) Full Legal and equitable relief under ERISA, including Long-Term Disability Benefits and prejudgment interest;

(B) Compensatory damages;

(C) Attorney's fee and costs of this action; and

(D) Such other relief as the law and equity will allow.

COUNT II
(BREACH OF CONTRACT)

32. Plaintiff incorporates by reference the allegations set forth above in Paragraphs 1 through 31, inclusive, as if more fully set forth herein.

33. By and through its practices, writings and oral assurances, upon which Plaintiff relied and for which she gave adequate consideration by continuing to work, the Employer, the Plan Administrator and Liberty created a contract with the Plaintiff.

34. Said contract was a contract to provide certain disability benefits should Plaintiff ever became disabled.

35. In refusing to pay Plaintiff's Long-Term Disability Benefits, the Plan Administrator and Liberty have breached the contract with Plaintiff causing her to suffer lost benefits under the contract.

WHEREFORE, Plaintiff requests that this Court exercise jurisdiction over her claims and award:

(A) Full Legal and equitable relief under ERISA, including Long-Term Disability Benefits and prejudgment interest;

(B) Compensatory damages;

(C) Attorney's fee and costs of this action; and

(D) Such other relief as the law and equity will allow.

        Plaintiff
        By her Attorneys,
        Law Office of Mark B. Morse, LLC

/s/ Mark B. Morse
_____

Mark B. Morse
RI Bar Reg No 3003
420 Angell Street, Suite 2
Providence, RI 02906
(401) 831-0555
fax (401) 273-0937
mark@morselawoffice.com